UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>TARO PHARMACEUTICALS U.S.A., INC., et al.,<br><br>        Defendants. | Case No. 25-cv-07815-RFL<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 33 |

      Self-represented Plaintiff's motion for alternative service is **GRANTED**. "[S]ervice under [Federal] Rule [of Civil Procedure] 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Plaintiff proposes serving Defendant Sun Pharmaceutical Industries Ltd. ("Sun Ltd."), an Indian company, either by emailing its U.S.-based counsel or sending registered mail to Defendant Sun Pharmaceutical Industries, Inc. ("Sun Inc."), Sun Ltd.'s U.S.-based subsidiary. (*See* Dkt. No. 2 (Sun Inc. is a subsidiary of Sun Ltd.).) Because these methods of service do not involve transmitting documents abroad to effectuate service there, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters does not apply. *See Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 965 (N.D. Cal. 2024).

      The analysis therefore turns on whether the requested forms of alternative service are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Rio*, 284 F.3d at 1016 (citation omitted). As for email service on Sun Ltd.'s U.S.-based counsel, it appears that

counsel for Sun Inc. represents both Sun Ltd. and Sun Inc. (*See* Dkt. No. 1 ¶ 34 (in notice of removal filed by Sun Inc., stating that Sun Ltd. was not served, but if "it is determined service was effected," then Sun Ltd. "hereby consent[s] to removal").) Therefore, email service on counsel (who have already appeared in this action) would provide sufficient notice to Sun Ltd. of this action. *See Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)." (citation omitted)). Likewise, because Sun Inc. has already appeared in this action to remove the case to this Court, is a subsidiary of Sun Ltd., and appears to be represented by the same counsel as is Sun Ltd., mail service on Sun Inc. would adequately notify Sun Ltd. of this action. *Cf. In re LDK Solar Sec. Litig.*, No. 07-cv-05182-WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (authorizing service of foreign subsidiary under Rule 4(f)(3) through service on parent company's California office).

Accordingly, Plaintiff may serve Sun Ltd. through email service on its U.S.-based counsel or registered mail on Sun Inc. Plaintiff must complete such alternative service by **December 15, 2025**.

**IT IS SO ORDERED.**

Dated: October 14, 2025

_____
RITA F. LIN
United States District Judge

2