UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>TARO PHARMACEUTICALS U.S.A., INC., et al.,<br><br>        Defendants. | Case No.  25-cv-07815-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 20 |

      Plaintiff Jane Doe, who is proceeding without the benefit of counsel, has filed an unopposed motion for leave to proceed under a pseudonym.  Her motion is **GRANTED**.

      A party may use a pseudonym in the "unusual case" where doing so is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  In evaluating whether a pseudonym is appropriate due to fear of retaliation, courts must consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears . . . ; (3) the anonymous party's vulnerability to such retaliation"; (4) prejudice to the opposing party; and (5) the public's interest.  *Id.* at 1068 (internal citations omitted).

      Doe argues she should be permitted to use a pseudonym because her claims involve sensitive medical and personal information, she is a participant in California's Safe at Home program, and she has PTSD.  (Dkt. No. 20 at 2; Dkt. No. 47 at 3.)[1]  The Safe at Home program

---

[1] All citations to page numbers refer to ECF pagination.

aims to protect names and addresses of individuals who are in fear of their safety so that assailants cannot find them.  Cal. Gov't Code §§ 6205, 6215.  Program participants must demonstrate fear for their safety, in addition to being a victim of certain severe violent crimes (such as domestic violence) or being affiliated with certain threatened facilities.  Cal. Gov't Code §§ 6206, 6215.2.  A Safe at Home participant is entitled to use a pseudonym in California state court civil proceedings.  Cal. Civ. Proc. Code § 367.3(b)(1).  Doe has attached paperwork showing that she was approved for participation in that program.  (Dkt. No. 47 at 8–9.)

      Doe's participation in the Safe at Home program shows a reasonable fear of retaliation.  Doe does not explain the circumstances that led to her participation in the program.  However, in order to participate, Doe must have demonstrated that she feared for her safety after distressing experiences that would reasonably make a person afraid of retaliation.  That is sufficient to show severe threatened harm and reasonable fear of retaliation.  *See, e.g.*, *Doe v. Collectco, Inc.*, No. 2:06-cv-00244, 2021 WL 3199210, at *3 (D. Nev. July 27, 2021) (granting motion to replace name with "John Doe" based on participation in Safe at Home program and threats to plaintiff).  In her pleadings, Doe discloses personal medical information and locations that she has visited, making her vulnerable to retaliation should an assailant connect this information with her name.

      At this stage, there is no evidence that Defendants will be prejudiced by Doe's use of a pseudonym.  Doe has agreed to "confidentially disclose her identity to defense counsel" and "provide it under seal if required."  (Dkt. No. 20 at 3.)  Because of this representation and the understanding that Doe will fully participate in discovery, Defendants did not oppose Doe's motion.  (Dkt. No. 41 at 2.)  Under these circumstances, "pseudonymity should not impede Defendants' ability to develop their case."  *See Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023).

      Similarly, while the public has a general interest in the names of parties, it does not appear Doe's identity will bear on the central issues of the case.  Doe alleges she was injured by a pharmaceutical designed and manufactured by Defendants.  While the extent of Doe's injuries and whether Defendants' product caused those injuries will be important to the case and

therefore to the public, her identity is unlikely to have much relevance.  *See GitHub*, 672 F. Supp. 3d at 854.  Accordingly, allowing Doe to use a pseudonym would not "obstruct public scrutiny of the important issues in this case."  *See Advanced Textile*, 214 F.3d at 1072.

Doe has shown a reasonable fear of retaliation, and no factor weighs against pseudonymity.  Doe may proceed using a pseudonym.

**IT IS SO ORDERED.**

Dated: November 21, 2025

RITA F. LIN
United States District Judge