UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>TARO PHARMACEUTICALS U.S.A., INC., et al.,<br><br>        Defendants. | Case No. 25-cv-07815-RFL<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 49 |

        Plaintiff Jane Doe, who is proceeding without the benefit of counsel, moves to strike Defendant Taro Pharmaceuticals U.S.A., Inc.'s joinder to Sun Pharmaceutical Industries, Inc.'s motion to dismiss. Doe argues (1) the Clerk wrongly declined to enter default against Taro; (2) Taro inappropriately submitted the joinder, since it was in default; and (3) the joinder is not procedurally proper. Doe's motion is **DENIED** for the reasons set forth below.

        Doe's argument that the Clerk should have entered default is construed as a motion under Federal Rule of Civil Procedure 55(a) to enter default. While Rule 55(a) only refers to the Clerk's ability to enter default, "a default may also be entered by a court." *In re Burchell Enters., Inc.*, No. 04-cv-5193-SBA, 2005 WL 1154302, at *1 (N.D. Cal. May 16, 2005) (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). Rule 55(a) provides for entry of default when a defending party "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a). But "[w]here a defendant appears and indicates a desire to contest an

action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Emps.-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991) (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure*, § 2682 at 411 (2d ed. 1983)).

Here, there is no reason to enter default because Taro appeared and indicated its desire to contest the action. Three days after Doe moved for the Clerk to enter default, Taro submitted a joinder to Sun's motion to dismiss. (Dkt. No. 37.) In that joinder, Taro requested "any relief granted to [Sun] pursuant to its Motion to Dismiss be granted to Taro as well." (*Id.* at 2.)[1] Taro has therefore shown a desire to contest this action, so entry of default would be inappropriate. *See Vargas v. Prince*, No. 5:17-2135-AB-ADS, 2019 WL 7858531, at *1 (C.D. Cal. Mar. 15, 2019) (declining to enter default where joinder submitted after motion for default). Even assuming default should be entered, Taro's potentially meritorious defense, its lack of bad faith in failing to appear, and the lack of prejudice to Doe (because Taro asserted no new arguments) would constitute good cause to set aside default under Rule 55(c). *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002).

Turning to the motion to strike itself, Rule 12(f) allows a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading is a "drastic remedy" and "generally disfavored." *Lee v. City of San Jose*, 701 F. Supp. 3d 935, 937 (N.D. Cal. 2023). Doe argues that Taro's joinder should be stricken because (1) Taro was in default, so it could not have properly filed a motion to dismiss; and (2) a joinder is not procedurally proper. However, Taro has never been in default. After Taro opposed entry of default (Dkt. No. 38), the Clerk declined to enter default (Dkt. No. 42), so a Rule 55(c) motion to set aside default would have been unnecessary. Joinders are an accepted practice that help courts avoid having to read duplicative arguments, and are not improper.

---

[1] All citations to page numbers refer to ECF pagination.

Doe has not shown that default should be entered against Taro, or that Taro's joinder should be stricken, so her motion is denied.

**IT IS SO ORDERED.**

Dated: November 25, 2025

RITA F. LIN
United States District Judge