UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>TARO PHARMACEUTICALS U.S.A., INC., et al.,<br><br>        Defendants. | Case No. 25-cv-07815-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 78 |

Jane Doe, who is proceeding without the benefit of counsel, filed this tort lawsuit against four pharmaceutical companies: Taro Pharmaceuticals U.S.A., Inc., Sun Pharmaceutical Industries, Inc., Sun Pharmaceutical Industries Ltd., and Taro Pharmaceuticals Inc. (Canada). Doe alleges that she used generic Fluocinonide 0.05% cream produced by Defendants on her cheeks and chest, and that it migrated to her right eye, which caused serious ocular injuries including blindness in that eye. Her operative complaint alleges six causes of action: (1) product liability based on failure to warn; (2) product liability based on design defect; (3) negligence; (4) post-market surveillance violations under state-law duties parallel to the Federal Food, Drug, and Cosmetic Act ("FDCA"); (5) other regulatory violations under state-law duties parallel to the FDCA; and (6) punitive damages. Defendants now move to dismiss. For the reasons stated below, Defendants' motion is **GRANTED** and Doe's complaint is **DISMISSED** with **LEAVE TO AMEND**.

***Product Liability and Negligence.*** In *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013), the Supreme Court held that most state-law claims against generic drug manufacturers are preempted by federal law. That is because federal

law requires a generic drug to be equivalent to the brand-name drug it is based on, including by using the same labeling. *PLIVA*, 564 U.S. at 613; *Mut. Pharm.*, 570 U.S. at 477. As a result, it would be impossible for a generic drug manufacturer to continue producing the drug while complying with federal law if state law required the manufacturer to change the drug's chemistry or labeling. *PLIVA*, 564 U.S. at 614–24; *Mut. Pharm.*, 570 U.S. at 480–90. After *PLIVA* and *Mut. Pharm.*, courts have allowed state-law claims against generic drug manufacturers to proceed only in narrow circumstances that have not been alleged to apply here. *See, e.g.*, *Teva Pharms. USA, Inc. v. Superior Ct.*, 217 Cal. App. 4th 96, 107 (2013) (holding no preemption of claims that generic manufacturer failed to update labeling to match brand-name drug).

Doe's product liability claims are preempted. She concedes that her design defect claim is preempted. (Dkt. No. 81 at 11.)[1] The same is true of her failure to warn claim. Her theory of liability for these claims is that Defendants failed to update warnings, issue a Dear Doctor letter, initiate a CBE supplement, disclose additional risks to consumers or prescribers, or implement readily available safer designs. (Dkt. No. 70 ("TAC") ¶¶ 48–56.) The Supreme Court found a generic drug manufacturer could not unilaterally take any of these actions without violating federal law. *PLIVA*, 564 U.S. at 614–17; *Mut. Pharm.*, 570 U.S. at 483–90. Since avoiding liability under these claims would have required violating federal law, they are preempted. *See id.* It does not matter if the FDA designated Defendants' Fluocinonide as the reference standard after the brand-name drug was commercially discontinued. (*See* TAC ¶ 67.) As a generic drug manufacturer, Defendants were still barred from changing the drug label on their own, unless the FDA ordered the label changed. *See Guilbeau v. Pfizer Inc.*, 880 F.3d 304, 312–17 (7th Cir. 2018) (holding generic drug maker continued to have federal "sameness" duties even after its drug had become the reference listed drug, an almost identical concept to reference standard).

Doe's negligence claim must also be dismissed. Doe's negligence claim is primarily premised on Defendants' failure to exercise reasonable care in "design, manufacture, [and]

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

labeling." (TAC ¶¶ 57–63.) Negligence claims for these acts are preempted for the same reason as product liability claims for those acts. *See PLIVA*, 564 U.S. at 614–17; *Mut. Pharm.*, 570 U.S. at 483–90. Doe also bases liability on Defendants' failure to investigate or report adverse events to the FDA. (TAC ¶¶ 24–34, 62–63.) Even assuming such a claim is not preempted, Doe would need to allege "that information would have reached [her] doctors in time to prevent [her] injuries." *See Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1234 (9th Cir. 2013) (*en banc*) (Watford, J., concurring). But Doe's only non-conclusory factual allegation of reporting failure concerns her *own* injury, and Defendants' reporting of Doe's injury to the FDA could not have prevented her injury, since it had already occurred. *See id.* As currently pled, Doe's complaint does not allege facts supporting a plausible inference that Defendants had a prior pattern of failing to report adverse events, let alone that such reporting would have prevented her injury. (*See* TAC ¶¶ 28–32 (alleging only that Doe's own adverse event was initially correctly labeled with a 2023 date in the FDA's system but was later relabeled with a different date).) Finally, Doe does not allege Defendants produced the brand-name version of Fluocinonide, so she does not allege a negligence claim under a theory of innovator liability.[2] *See T.H. v. Novartis Pharms. Corp.*, 4 Cal. 5th 145, 156 (2017) (allowing individuals who took a generic drug to sue the brand-name manufacturer for negligence under a theory of "innovator liability").

In sum, Doe's product liability and negligence claims are either preempted or not adequately pled. Preemption can be decided at this stage because no facts learned in discovery could avoid preemption of her current claims. *See, e.g.*, *Guilbeau*, 880 F.3d at 310, 319 (affirming dismissal on preemption grounds and denial of discovery); *Moretti v. Wyeth, Inc.*, 579 F. App'x 563, 566 (9th Cir. 2014) (similar). Because dismissal is proper on the bases stated above, this order does not reach Defendants' alternative theories of dismissal under the learned

---

[2] According to the FDA's Orange Book, three companies have been applicant holders for brand-name Fluocinonide: Bausch Health US LLC, Sun Pharma Canada Inc (which is not a defendant in this case), and Alvogen Inc. *See* FDA, *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations*, publicly available at https://www.accessdata.fda.gov/scripts/cder/ob/index.cfm (search for "fluocinonide" and sort by "Appl. No." starting with "N" for new drug applications) (last visited Mar. 13, 2026).

intermediary doctrine or California law concerning the application of design defect liability to drug manufacturers, though Doe should consider these arguments in drafting any amended complaint.

*Post-Market Surveillance Violations.*  Doe's fourth cause of action alleges that Defendants violated the FDCA's regulations, 21 C.F.R. §§ 314.70(c) and 314.80, by failing to properly report adverse events to the FDA.  (TAC ¶¶ 64–65.)  The FDCA does not provide a private right of action.  *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010) (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001)).  To avoid this problem, Doe alleges that the regulatory violations "establish a parallel state-law duty."  (TAC ¶ 66.)  But Doe does not allege what state law creates those parallel duties.  By failing to specify the state law that Defendants violated, Doe fails to "give fair notice" of her claim.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Without knowing what state law is at issue, it is also not possible to analyze whether Doe's claim is preempted since it is unclear whether the state-law duty "parallels" a duty under the FDCA.  *See Stengel*, 704 F.3d at 1233 (*en banc*).  Accordingly, Doe's fourth cause of action must be dismissed.

*Other Regulatory Violations.*  Doe's fifth cause of action alleges that Defendants violated additional FDCA regulations, including 21 C.F.R. §§ 314.70, 314.80, 314.81, 314.94, and 314.150.  (TAC ¶¶ 67–71.)  These regulatory violations are generally premised on Defendants' failure to ensure accurate and up-to-date labeling after its Fluocinonide became the reference standard for equivalent generic drugs.  As an initial matter, Doe does not allege what state law Defendants violated, as discussed with Doe's previous claim.  Additionally, to the extent that Doe argues Defendants should have updated the drug's labeling, these claims are preempted under *PLIVA* and *Mut. Pharm.* as discussed above.  As a result, this claim must also be dismissed.

*Conclusion.*  Defendants' motion to dismiss is **GRANTED**.  Though it appears unlikely that Doe will be able to overcome the deficiencies identified above, the record does not necessarily foreclose the possibility.  Accordingly, dismissal is with **LEAVE TO AMEND**.

Doe may file an amended complaint addressing the deficiencies identified above by **April 17, 2026**.

      **IT IS SO ORDERED.**

Dated: March 16, 2026

                                         RITA F. LIN
                                         United States District Judge